[File No. 6069.]

LAUREAS J. WEHE, as Executor of the Will and Estate of Charles L. Wehe, Deceased, Substituted for the Said Charles L. Wehe, as Appellant, v. ARTHUR C. WEHE, Respondent, and ELIADA P. WEHE et al., Appellants.

(247 N. W. 54.)

Opinion filed November 29, 1932.   Rehearing denied March 6, 1933.

*L. J. Wehe*, for appellants.
*E. C. Boostrom*, for respondent.

BIRDZELL, J.   This appeal is a sequel to Wehe v. Wehe, 44 N. D. 280, 175 N. W. 366.   Upon the application of Eliada P. Wehe, Herbert G. Wehe and Laureas J. Wehe, supported by affidavits, an order to show cause was issued, dated August 21, 1931, ordering that the defendant Arthur C. Wehe and the other trustees, together with all the other defendants as parties to the action, show cause why the resignations of Eliada P. Wehe and Herbert C. Wehe, as trustees, should not be accepted and they be fully discharged as such, and why Laureas J. Wehe and Blanche H. Ray should not be appointed as their successors.

Upon the return of the order, a hearing was had, as a result of which the district court entered an order accepting the resignations of Eliada P. Wehe and Herbert C. Wehe and also that of Arthur C. Wehe, as trustees, and appointing T. E. LaTourrette as successor and sole trustee. From this order the instant appeal is taken.

At the hearing affidavits and counter-affidavits and exhibits were presented for the consideration of the court. From them we deduce the following facts which in the view we take of the case are all that are material in determining the legal propriety of the order appealed from. Under the former decision of this court and the judgment rendered in pursuance thereof, Eliada P., Herbert C. and Arthur C. Wehe, grantees, were declared to be trustees for the purpose of carrying out a trust expressed in the will of the grantor. Thereafter, Laureas J. Wehe, the principal moving party in this proceeding, who likewise was attorney for the plaintiff in the action hereinabove referred to, wherein the grantee-defendants were charged with the trust, had certain dealings with his co-beneficiaries or cestuis whereby he made certain payments to them and secured quitclaim deeds of their interest in the trust property and certain powers of attorney and assignments, including deeds, powers and assignments from Eliada P. and Herbert C Wehe. These powers purported to authorize Laureas J. Wehe to collect rents and profits by suit, if necessary, authorized him to sell the farm for $3,000 and expenses and gave to him full power and authority to act for them, each trustee-grantor of the power, however, to be paid $1,000, less advances made by Laureas J. Wehe, and the powers were declared to be irrevocable. Attempts were made to revoke these powers, and the affidavits and counter-affidavits contain conflicting statements concerning the manner in which they were obtained. We need not determine what the facts are with reference thereto, for reasons which will later appear.

It is apparent that the moving party here, the appellant Laureas J. Wehe, had made substantial advances to the other beneficiaries of the trust and as a result thereof he claims to be in the position of owner of all the other interests in the trust estate save that of Arthur C. Wehe. As such owner, by virtue of being grantee of equitable interests in the premises and donee of the powers referred to, he claims the right substantially to nominate trustees and generally to control the manage-

ment of the trust estate. The contentions advanced on this appeal and relied upon to demonstrate the legal impropriety of the order made revolve almost wholly about this assumption. True, some facts are stated in the brief and others were referred to on oral argument as tending to show why the order was improvident, but we fail to find substantiation of such facts in the record. On the record before us we think the legal basis for the order must be measured wholly by the moving party's contentions with respect to his right to control the administration of the trust upon the assumption that he is the owner of the interests of all the beneficiaries except Arthur C. Wehe.

We are of the opinion that the contentions of the appellant are based upon a misconception of the underlying principles according to which trusts are administered under the supervising eye of a court. This will readily appear, we believe, from an examination of the pertinent paragraphs in a standard work on the subject, that of Perry on Trusts and Trustees.

Perry on Trusts and Trustees, 7th ed. § 39, quotes with approval the rules laid down by Sir George J. Turner, L. J., in Re Tempest, L. R. 1 Ch. 487. The second and third of these rules are:

". . . that the court will not appoint a person to be trustee with a view to the interest of some of the persons interested under the trust, in opposition either to the wishes of the testator, or to the interests of other of the cestuis que trust. I think so for this reason, that it is of the essence of the duty of every trustee to hold an even hand between the parties interested in the trust. Every trustee is in duty bound to look after the interests of all, and not of any particular member or class of members of his cestuis que trust."

Another rule is "that the court, in appointing a trustee, will have regard to the question whether his appointment will promote or impede the execution of the trust; for the very purpose of the appointment is that the trust may be better carried into execution."

It is also stated (§ 59) that "Cestuis que trust are not incapable of taking in trust for themselves and others, but they are not altogether fit persons to be appointed, by reason of a possible conflict between their duty and interest. . . . Near relatives and connections, like husband and wife, are also objectionable as trustees, as by reason of affection and influence frequent breaches of trust may happen, and

other irregular proceedings are always to be feared; but there is no absolute rule of law that forbids such appointments, and they are sometimes inevitable or necessary."

"Section 274. If a trustee once accepts the office, he cannot by his sole action be discharged from his duties. Having once entered upon the management of the trust, he must continue to perform its duties until he is discharged in one of three ways: first, he may be removed and discharged, and a new trustee substituted in his place, by proceedings before a court having jurisdiction over the trust; second, he may be discharged, and a new trustee appointed, by the agreement and concurrence with all the parties interested in the trust; and, third, he may be discharged, and a new trustee appointed, in the manner pointed out in the instrument creating the trust, if it makes any provisions upon that subject.

"Section 275. The cestui que trust and all other persons, although contingently interested in the remainder or reversion of trust property, are entitled to have the custody and the administration of it confided to *proper* persons, and to a proper *number* of persons. . . . So if a trustee disclaims, or refuses to act after having once accepted, . . . the old trustees may be removed, and new ones substituted in their places. The matter rests in the sound discretion of the court.

"Section 276. It may be stated generally, that if the conduct or circumstances of the trustees are such as to render it very inconvenient, improper, or inexpedient for them to continue in the trust the court will exercise its discretion and relieve them, and appoint others in their place; as where the trustees were desirous of being discharged . . . or so disagreed among themselves that they could not act, or where cotrustees refused to act with one of their number, . . . —in these and the like cases the courts interposed and appointed other trustees. But if there is a controversy, the court will exercise a sound discretion, (and in case of hostile relations between the trustee and a cestui the action of the court as to removal will be guided chiefly by consideration of what is best for the trust. The cause of disagreement is usually of minor importance).

"Section 276a. A trust will not be allowed to fail for want of a trustee; . . .

"Section 277. In removing and substituting a trustee, the court does

not act arbitrarily, but upon certain general principles, and after a full consideration of the case. . . . There is no absolute rule of law that prevents a cestui que trust from being a trustee for himself and others, and the court is sometimes obliged to appoint him; but the arrangement is irregular and sometimes disastrous, and the court will not sanction it if it can be avoided."

"Section 282. Courts of equity, having jurisdiction to remove and appoint trustees, may be applied to either by bill or petition; or if a bill is already pending for administration of the estate, application may be made in those proceedings, by motion. . . . The cestui que trust and those directly interested may of course originate the suit. . . .

"Section 283. If all the parties are sui juris, and consent to the appointment of the new trustee, the court will at once make the appointment, and direct the conveyances to be made."

"Section 287. The duties and powers of trustees cannot be delegated to others, unless there is express authority for that purpose given in the instrument creating the trust."

"Section 294. . . . the power of appointing other trustees can be exercised only by those to whom it is expressly given. Therefore, if the power is not given to any one, new trustees can be appointed only by the court, . . ."

Consistent with these principles, our statutes provide as follows: § 6314, Compiled Laws of 1913, that a trustee can be discharged from his trust "(6) By the district court."

Section 6316, that "The district court may appoint a trustee whenever there is a vacancy, and the declaration of trust does not provide a practicable method of appointment."

Section 6318, that "When a trust exists without any appointed trustee, or when all the trustees renounce, die or are discharged the district court of the county or judicial subdivision where the trust property, or some portion thereof, is situated, must appoint another trustee and direct the execution of the trust. The court may in its discretion appoint the original number or any less number of trustees."

When the record in the instant case is examined in the light of these fundamental principles, we think it fails to disclose that the order appealed from is in any respect erroneous. It does not follow, of course, if any substantial reasons exist, such as were intimated upon oral argument in this court, why the person designated should not be appointed, that the appellant is in any way precluded from hereafter stating his objections in the district court and having them heard and properly acted upon, and the affirmance of the order is, of course, without prejudice to his right in this respect. Order affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.

BIRDZELL, J. (On petition for rehearing.) In a petition for rehearing counsel for the appellants complain of the failure of the court to take note of and rule upon a motion to strike from the record the resignation of Arthur C. Wehe and a petition by the latter asking the court to appoint a sole trustee. It is said that this resignation and petition were filed with the trial court after the hearing and acted upon without the knowledge of appellants' counsel. If the legal propriety of the order of the trial court appointing a sole successor to the trustees were dependent upon the resignation and petition of Arthur C. Wehe filed after the hearing, there would be merit in the appellants' motion to strike and in the petition for rehearing. However, in our view of the controversy, as expressed in the original opinion, we did not deem this matter of any consequence. The record shows that upon the hearing in response to the order to show cause facts bearing upon the disagreement between the interested parties were brought out which fully justified the action of the court in refusing to grant the prayer of the appellants' petition and, instead, appointing a sole trustee as successor to those who were acting at the time. The opinion expresses the principles according to which the court could properly have so acted without regard to any resignation or counter petition, and we deem it unnecessary to enlarge upon what is said in the opinion touching this matter.

Out of abundance of caution, the opinion indicates that the jurisdiction of the court in this trust matter is continuing and if any reason

exists why the trustee appointed should not continue to act, such reason or reasons may properly be presented to the district court.

The petition for rehearing is denied.

NUESSLE, Ch. J., and CHRISTIANSON, BURR and BURKE, JJ., concur.