Melvin THOMPSON, Jr., Helen Mae
Vonasek, and Richard Thompson,
Plaintiffs and Appellants,

v.

FIRST NATIONAL BANK IN GRAND
FORKS, Defendant and Appellee.

Civ. No. 9437.

Supreme Court of North Dakota.

Aug. 4, 1978.

Rehearing Denied Sept. 29, 1978.

Shirley A. Dvorak, of Mack, Moosbrugger, Leonard, Ohlsen & Dvorak, Grand Forks, for plaintiffs and appellants.

Theodore M. Camrud, of Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for defendant and appellee.

VOGEL, Justice.

This is an action brought by the appellants, who are three of the eight children of a ward who was under guardianship (later, conservatorship), against the corporate guardian-conservator upon a contract alleged to have been entered into between the parties prior to the appointment of the guardian.* It is alleged that the guardian-to-be and the plaintiffs entered into an oral contract prior to the guardian's appointment, by the terms of which the guardian, in return for the withdrawal by the plaintiffs of their objection to its appointment, agreed to lease the real property of the ward only after a public bidding procedure. It is further alleged that the corporate guardian-conservator violated this contract

---

* This case involves the same real estate and some of the same parties, but not the same issues, as *Drees Farming Assn. v. Thompson*, 246 N.W.2d 883 (N.D.1976).

by privately leasing the property without notice to the plaintiffs. The existence of the contract is denied by the corporate guardian-conservator. There is no showing that the alleged agreement was made known to the court or to the other five children of the ward.

Prior to the commencement of the action, the conservatorship had been ended and the final account of the conservator was approved by the county court and a discharge granted. Notice of the discharge proceedings was given to the plaintiffs and they entered no objection. The conservator claims that the alleged cause of action of the plaintiffs is barred by the statutory provisions as to res judicata and failure to appeal within the time fixed by statute.

These contentions were upheld by the district court, which granted summary judgment to the corporate defendant. We affirm, but on a different ground.

The complaint alleged two violations of duty on the part of the defendant. It was alleged, first, that the defendant breached its fiduciary duty by leasing the land at a rate lower than its reasonable market rental value, and, second, that it breached the agreement made with the plaintiffs. The plaintiffs abandoned the first claim in the trial court and in their briefs and argument in this court, no doubt realizing that they could not prevail in the face of Section 30.1–29–19, North Dakota Century Code, providing that an order allowing a final account, made upon notice and hearing, "adjudicates as to all previously unsettled liabilities of the conservator to the protected person or his successors relating to the conservatorship," and, in view of their failure to appeal, in the face of Section 30–26–03, N.D.C.C., providing for service of notice of appeal within 30 days after the date of an order.

The plaintiffs, however, vigorously asserted in the district court and in this court that their suit was not based upon the fiduciary duty imposed by statute, but was based upon a breach of a contract entered into prior to the bank's appointment as a fiduciary and unrelated to that fiduciary duty.

■ We hold that the alleged contract, if proved to exist, would be a contract against public policy and therefore unenforceable and void. We therefore affirm the judgment of the trial court on this ground, rather than on the grounds specified by the trial court.

■ A guardian or conservator is a fiduciary [Secs. 30.1–29–17, N.D.C.C. (U.P.C. § 5–417), and 30.1–34–02, N.D.C.C. (U.P.C. § 7–302)]. As such, he owes a very high degree of good faith to the ward, the estate of the ward, and other persons interested in the estate. Any private agreement made prior to qualifying as a fiduciary, which tends to limit the fiduciary's duty of loyalty to the trust estate, must be viewed with suspicion.

In *Wehe v. Wehe*, 63 N.D. 176, 179, 247 N.W. 54, 55 (1933), we quoted Perry on Trusts and Trustees, 7th Ed., § 39, which cited the rules laid down by Sir George J. Turner, L. J., in *In re Tempest*, L.R. 1, Ch. 487, as follows:

" . . . that the court will not appoint a person to be trustee with a view to the interest of some of the persons interested under the trust, in opposition either to the wishes of the testator, or to the interests of other of the *cestuis que trust*. I think so for this reason, that it is of the essence of the duty of every trustee to hold an even hand between the parties interested in the trust. Every trustee is in duty bound to look after the interests of all, and not of any particular member or class of members of his *cestuis que trust*." [Italics in original.]

The appellants in the case before us assert that they made a private agreement with the corporate trustee, prior to its appointment and as a condition of withdrawal of the objections of the three appellants to the appointment, that the trustee when appointed would follow a certain course of action. This agreement was apparently not made known to the other persons interested in the proceedings or to the court.

Under Section 30.1–29–24, N.D.C.C. (U.P.C. § 5–424), a conservator has the power to enter into a lease without court authorization. This power, of course, includes the power to renew a lease. Since there is no restriction stated in the statute, the conservator has the power to enter into such a lease by public or private bidding procedures. This power is discretionary in the conservator.

It follows that a contract such as the one sued upon is a contract to restrict a trustee in the exercise of a discretionary power, entered into without the knowledge of the court or other interested parties. Under such a contract the trustee would be obligated to do something other than exercise an unfettered discretion to act in the interest of the entire trust estate.

Modern texts say:

"Whether the trustee should endeavor to sell by negotiation with possible buyers, or should put the property up at an auction, depends upon the circumstances of the individual case. He should use the method which will, considering the place of sale and the type of property for sale, be apt to bring the best price. If private sale is not forbidden by the trust instrument or by the court or a statute, it should be open to the trustee to sell privately, if he believes it good policy to follow this course." Bogert, Trusts and Trustees, 2d Ed., § 745, p. 618. [Fn. omitted.]

"Ordinarily a trust is created for more than a single beneficiary. In such a case it is the duty of the trustee to deal impartially as among the several beneficiaries." Scott on Trusts, 2d Ed. § 183, p. 1355. [Fn. omitted.]

In *Luedke v. Oleen*, 72 N.D. 1, 4 N.W.2d 201 (1942), a contract entered into by the promoter of a corporation and the proposed board of directors of the corporation, a few days prior to incorporation, containing provisions contrary to the best interests of the corporation, was held to be against public policy and unenforceable. We hold that the alleged contract involved in the present case is likewise against public policy and unenforceable.

In view of our disposition of the case on the ground of public-policy considerations, it is unnecessary for us to decide whether the appellants are precluded from enforcing the contract on the ground of res judicata because of their failure to raise the point in the conservatorship proceedings and their failure to appeal from the final discharge of the conservator and the order approving the final account of the conservator. It is to be noted that the appellants make no allegations of fraud. If fraud had been alleged and proved, res judicata principles might not apply. See *Hammes v. First National Bank & Trust Co. of Racine*, 79 Wis.2d 355, 255 N.W.2d 555 (1977).

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.