In the Matter of the CONSERVATOR-SHIP OF Engvald STENSLAND, an Incompetent Person.

Sharon DEIBLER and Sheila Deibler, Personal Representatives of the Estate of Engvald Stensland, Appellants,

v.

Beryl STENSLAND, Conservator, Appellee.

Civ. No. 940118.

Supreme Court of North Dakota.

Jan. 19, 1995.

Sheldon A. Smith of Smith Bakke & Hovland, Bismarck, for appellants.

Scott J. McDonald, Bowman, for appellee.

SANDSTROM, Justice.

Sharon Deibler, Engvald Stensland's daughter and personal representative of his estate, appealed from a county court order approving the Second Amended Final Accounting of Beryl Stensland, Engvald's spouse and conservator of his estate, and terminating that conservatorship. We conclude the county court abused its discretion in not requiring Beryl to either make a fuller accounting of the conservatorship, or, in the alternative, renounce her right to an elective share of the estate. We reverse the order approving the final accounting and remand with instructions.

I

Beryl and Engvald Stensland were married in 1957. Each had been previously married and each had a daughter from the previous marriages. Sharon Deibler is Engvald's daughter from his previous marriage. In 1986, Engvald Stensland suffered a stroke and was admitted to a nursing home. His

wife was appointed conservator of his estate. She did not file an inventory or any accounting documents during her husband's lifetime. Engvald Stensland died in 1991, and Deibler was named personal representative of his estate.

After Engvald Stensland's death, his wife filed a final accounting of the conservatorship including a beginning and ending inventory. The county court refused to approve the final accounting as submitted. In its November 24, 1992, memorandum and order, the county court addressed several issues.

The court stated although there was no showing of a wrongful taking of any funds by Beryl Stensland, it could not reconcile the accounting and check register and, therefore, could not approve the final accounting.

The court stated Engvald Stensland had made a will prior to becoming incapacitated in which he devised certain real estate to his daughter and grandchildren and to Mrs. Stensland's grandchildren. Engvald Stensland devised the personal property in his name alone to Beryl Stensland. He also set up joint accounts with her and three joint accounts with Deibler. The court concluded Engvald Stensland, by these actions, had made plans to provide, upon his death, for his wife, her grandchildren, his daughter, and her children.

The court stated Beryl Stensland had transferred funds from accounts she owned jointly with Engvald Stensland to her own accounts. The court also noted she had filed for an elective share of the estate, and the court concluded the value of these accounts, plus accrued interest, must be reflected as part of the ending inventory of the conservatorship.

The court concluded interest amounts withdrawn by Beryl Stensland from accounts held in joint ownership between Engvald Stensland and Deibler must be returned to those accounts together with any interest which would have been earned on amounts withdrawn from those accounts.

The county court ordered Beryl Stensland to furnish copies of bank statements and other documents so the personal representative could verify the accounting of the conser-

vatorship. The court also ordered her to amend the final accounting and ending inventory of the conservatorship to accurately reflect the value of the estate according to the decisions of the court.

Beryl Stensland filed a Second Amended Final Accounting and Inventory on August 19, 1993, to which Deibler filed objections. The court held a hearing, ordered certain changes to be made in the final accounting, and then approved, as amended, the second final accounting and inventory. Deibler appealed.

The county court had jurisdiction under N.D.C.C. § 30.1–02–02. This court has appellate jurisdiction under Article VI, § 6, N.D. Const., and N.D.C.C. §§ 28–27–02 and 30.1–02–06.1.

II

■ Every conservator has a duty to account to the court for administration of the trust. N.D.C.C. § 30.1–29–19. A conservator is a fiduciary and, as such, owes a high degree of good faith to the ward, to the estate of the ward, and to other persons interested in the estate. *Thompson v. First Nat'l Bank in Grand Forks,* 269 N.W.2d 763, 764 (N.D.1978). A trial court has discretionary authority regarding management of a protected person's estate, and its decisions will not be reversed on appeal unless the court abuses its discretion. *Matter of Conservatorship of Sickles,* 518 N.W.2d 673, 678 (N.D.1994); *Matter of Conservatorship of Kinney,* 495 N.W.2d 69, 71 (N.D.1993).

■ In approving the amended final accounting, the county court reversed its position on the conservator's transfer of funds from accounts held jointly between her and her husband to accounts solely in her name. In its final decision the court ruled the value of those accounts need not be included in the ending inventory. The court instead required the conservator to disclose those transfers in an attachment to the final inventory. In its memorandum decision the court noted the final accounting was not complete and a number of deposits and withdrawals had been made without adequate explanations. The court concluded:

487

"[T]he Conservator receives all of the personal property under the terms of the decedent's will. Thus whether she used her funds or used the funds of the decedent, she is to receive all of the funds at his death except those funds that are held in ownership with other individuals. If the Conservator had predeceased Mr. Stensland, there certainly would be a different problem. This Court can find no reason to continue to attempt to obtain an accurate accounting. There appears to be nothing to be gained in further efforts in obtaining a more accurate accounting. Whether some of these transactions affect the augmented estate is a matter that may be pursued in the estate. The Court will approve the amended accounting as submitted."

We hold the trial court abused its discretion in concluding there was no reason to require a more accurate accounting of the conservatorship. As conservator of her husband's estate, Beryl Stensland had an affirmative statutory duty to make a full and accurate accounting to the court, and a fiduciary duty to act in good faith to her husband and to others who may be interested in his estate. *See* N.D.C.C. § 30.1–29–19; *Thompson*, 269 N.W.2d at 764. Beryl Stensland has indicated she may opt to take an elective share of her husband's estate, under N.D.C.C. § 30.1–05–01. Inaccurate accounting by her as conservator may affect the size of the augmented estate, *see* N.D.C.C. § 30.1–05–02, which in turn may affect her elective share. It would be unjust for Beryl Stensland to receive an improper elective share, which could include part of the real estate her husband devised to his daughter and his grandchildren, as a result of her poor recordkeeping as conservator.

 The trial court abused its discretion in approving, without condition, the amended final accounting and inventory. Before Beryl Stensland exercises her right to an elective share of Engvald Stensland's estate she must make a more complete and accurate accounting of her transactions during the conservatorship. If, however, she renounces her right to take an elective share, we then agree with the trial court a more accurate and full

accounting of the conservatorship would not be necessary.

The trial court's order approving the second amended final accounting and inventory of the conservatorship is reversed, and the case is remanded with directions the court require Beryl Stensland to either make a more full and accurate accounting or, in the alternative, renounce her right to take an elective share of Engvald Stensland's estate.

### III

This case is reversed and remanded for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.