2009 ND 103

**Craig DARBY, Plaintiff and Appellant**

**v.**

**SWENSON INC., d/b/a Swenson RV & Equipment, Defendant and Appellee.**

**No. 20080215.**

Supreme Court of North Dakota.

June 17, 2009.

Michael Ward (argued), of Eaton, Van de Streek & Ward, Minot, N.D., for plaintiff and appellant.

John D. Sear and Nathan Marcusen (argued), of Bowman and Brooke, Minneapolis, MN, for defendant and appellee.

MARING, Justice.

[¶ 1] Craig Darby appeals a district court's summary judgment in favor of Swenson Inc. We affirm, concluding the district court did not err in granting summary judgment because even if Darby had been permitted to amend his complaint, his added claim would not survive a motion for summary judgment and would have been futile. We further conclude the district court did not err in dismissing Darby's complaint with prejudice.

I

[¶ 2] Craig Darby purchased a motor home from Swenson Inc. for $243,845. Per Darby's instructions, at approximately midnight on July 6, 2006, at the Canadian border, Swenson delivered the motor home to Darby, and Darby signed the purchase documents for the motor home. Included in the purchase documents were documents entitled "Warranty Rights," "Acknowledgement of Receipt of Motorized Warranty/Product Information," "Holiday Rambler Motorhome 2006 Limited Warranty," and "Roadmaster Chassis 2006 Limited Warranty."

[¶ 3] Darby sued Swenson on February 15, 2007, requesting relief under N.D.C.C.

§ 51–07–18, North Dakota's "Lemon Law." Darby alleged the motor home was defective and Swenson had not replaced or repaired the motor home. In its answer, Swenson denied Darby's claims, raised affirmative defenses, and specifically asserted "that it reasonably, appropriately, timely, and conspicuously disclaimed any and all express and implied warranties, including the implied warranties of merchantability and fitness for a particular purpose."

[¶ 4] Swenson moved for summary judgment on April 8, 2008, arguing the motor home was not a vehicle covered under N.D.C.C. § 51–07–18. Swenson argued N.D.C.C. § 51–07–18 only applied to "passenger motor vehicles," the statute's definition specifically excluded "house cars," and Darby's motor home met the statutory definition of a house car under N.D.C.C. § 39–01–01(27). Swenson also argued the statute only provided a remedy against vehicle manufacturers and did not provide a remedy against vehicle dealers. Swenson attached an affidavit from a Swenson employee, stating Swenson did not manufacture motor homes. Swenson also attached a certificate of origin for Darby's vehicle, showing the vehicle was manufactured by Monaco Coach Corporation.

[¶ 5] Darby responded to Swenson's motion for summary judgment, arguing the motor home was a recreational vehicle, not a house car, and Darby should be allowed to use N.D.C.C. § 51–07–18 against a vehicle dealer. Darby claimed his original complaint was "sufficiently broad to also include the possible problems under both express and implied warranty" and Swenson's disclaimers were unconscionable. Darby also moved for leave to amend his complaint to include claims for breach of express warranties and implied warranty of fitness and marketability and a brief in support of the motion. In his proposed amended complaint, Darby acknowledged signing the disclaimers of warranties, but claimed, "[t]here was no discussion of what the documents were as he was in a hurry to get the vehicle into Canada" and "[Darby] relied on [Swenson's] promises and the superior knowledge of the employee of Swensons [sic] Inc."

[¶ 6] In response to Swenson's motion for summary judgment, Darby asserted that an amended complaint was needed to ensure that all issues were raised, and the initial complaint was sufficiently broad to also include warranty claims. Darby stated, "not wishing to have this case tied up in technicalities[,] we are making a motion to amend the complaint to make sure that there is no question that the other issues are expressed as well as the lemon law."

[¶ 7] Swenson replied in support of summary judgment, arguing that Darby did not plead any claims beyond his claim under N.D.C.C. § 51–07–18. However, Swenson argued the newly-added claims in the proposed amended complaint also had no basis in fact or law because the purchase documents showed Swenson disclaimed all implied warranties and made no express warranties when it sold Darby the motor home. Swenson also opposed Darby's motion for leave to amend the complaint, arguing the amended claims of action could not survive summary judgment.

[¶ 8] The district court held a hearing on the motion for summary judgment and the motion for leave to amend on June 3, 2008. Darby did not introduce any affidavits or deposition testimony in opposition to the summary judgment motion. The district court granted Swenson's motion for summary judgment, dismissed Darby's action with prejudice, and denied Darby leave to amend his complaint. The district court concluded N.D.C.C. ch. 51–07 did not

apply to the motor home purchased and, even if the motor home had been a passenger vehicle under the statute, Darby could not have prevailed in his claim against Swenson because Swenson did not manufacture the motor home. The court also rejected Darby's motion for leave to amend. The district court concluded N.D.C.C. § 51–07–20 is an exclusive remedy and precludes any further relief.

[¶ 9] On appeal, Darby argues he should have been permitted to amend his complaint, summary judgment was not an appropriate remedy under the amended complaint, and the district court erred in dismissing the complaint with prejudice.

## II

[¶ 10] Darby argues the district court abused its discretion in denying his motion to amend the complaint because the motion was timely and Swenson did not claim the proposed amended complaint would cause it inconvenience. Darby contends he could have proven Swenson's disclaimers were unconscionable.

[¶ 11] Rule 15(a), N.D.R.Civ.P., provides that once a responsive pleading has been served, a complaint may only be amended by leave of the court or by written consent of the opposing party. In this case, a responsive pleading had been served. Thus, the district court had the discretion to grant or deny Darby's motion. *See Isaac v. State Farm Mut. Auto. Ins. Co.*, 547 N.W.2d 548, 551 (N.D.1996). A district court has wide discretion in deciding matters relating to amending pleadings after the time for an amendment as a matter of course has passed. *Grandbois and Grandbois, Inc. v. City of Watford City*, 2004 ND 162, ¶ 11, 685 N.W.2d 129. This Court will not reverse a district court's grant or denial of a motion to amend unless the district court abused its discretion. *Id.*

[¶ 12] A district court abuses it discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Farmers Alliance Mut. Ins. Co. v. Hulstrand Const., Inc.*, 2001 ND 145, ¶ 10, 632 N.W.2d 473. A district court does not abuse its discretion in denying a motion to amend the complaint when such an amendment would be a futile act. *Id.* We have not previously addressed the standard to be applied when a party moves to amend his complaint in response to an opponent's motion for summary judgment. We find guidance in an opinion from the First Circuit Court of Appeals. In *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir.2001) (citations omitted), the First Circuit Court of Appeals explained that the appropriateness of a district court's decision to deny a motion to amend depends on the posture of the case:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended

complaint are supported by substantial evidence.

[¶ 13] Other courts have explained that an amendment is futile for purposes of determining whether leave to amend should be granted, if the added claim would not survive a motion for summary judgment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.2007); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir.2001); *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987); *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I.2004); *Bebo v. Delander*, 632 N.W.2d 732, 740 (Minn.Ct.App.2001).

■ [¶ 14] The district court held that it would be futile to allow Darby to amend his complaint because N.D.C.C. § 51–07–20 precluded Darby from pursuing any other remedy. Section 51–07–20, N.D.C.C., provides, "A consumer who elects to proceed under sections 51–07–16 through 51–07–22 is foreclosed from pursuing any other remedy arising out of the facts and circumstances which gave rise to the claim under sections 51–07–16 through 51–07–22." The district court interpreted N.D.C.C. § 51–07–20 to mean that Darby could not bring another cause of action because he instituted a claim under N.D.C.C. ch. 51–07. We disagree. While N.D.C.C. § 51–07–20 provides for an exclusive remedy, that provision does not apply here because N.D.C.C. ch. 51–07 did not provide Darby a remedy against Swenson. Thus, Darby is not precluded from seeking relief against Swenson under an alternative cause of action.

■ [¶ 15] Although the district court incorrectly concluded that Darby was precluded from amending his complaint on the grounds N.D.C.C. § 51–07–20 provided for an exclusive remedy, we uphold the district court's decision that allowing Darby to amend his complaint would be futile and we affirm on other grounds. *See Thomp-*

*son v. First Nat. Bank*, 269 N.W.2d 763, 764 (N.D.1978) (affirming the district court's granting of summary judgment on an alternate ground). After reviewing the record, we conclude Darby's proposed amended complaint was futile because it could not have survived summary judgment.

■ [¶ 16] "Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences that can reasonably be drawn from undisputed facts or if the only issues to be resolved are questions of law." *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 4, 688 N.W.2d 167. In response to Swenson's motion for summary judgment, Darby proposed an amended complaint to include claims of implied and express warranties. However, Darby provided no evidence to support these claims. The express and implied warranty claims could not have survived summary judgment because the undisputed facts indicate that Swenson conspicuously and unambiguously disclaimed all warranties when it sold the motor home to Darby.

■ [¶ 17] "All warranties may properly be excluded, but that exclusion must be part of the bargain between the parties." *Fleck v. Jacques Seed Co.*, 445 N.W.2d 649, 654 (N.D.1989). Disclaimers are ineffectual unless they are " 'set forth with particularity showing the particular qualities and characteristics of fitness which are being waived.' " *Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71, 74–75 (N.D.1981) (quoting *DeCoria v. Red's Trailer Mart, Inc.*, 5 Wash.App. 892, 491 P.2d 241, 244 (Wash.Ct.App.1971)). Section 41–02–33, N.D.C.C., governs the exclusion or modification of warranties. Subsection two of the statute provides:

[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

[¶ 18] Section 41–01–09(2)(j), N.D.C.C., explains that conspicuous "means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." It also states:

Conspicuous terms include the following:

(1) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and

(2) Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

N.D.C.C. § 41–01–09(2)(j).

[¶ 19] The record reveals that Swenson successfully disclaimed all warranties and limited Darby's remedies to the manufacturers' warranties. Swenson provided Darby with a Warranty Rights document, which explains that Swenson disclaimed all warranties. The document states:

BUYER PURCHASES THIS RECREATIONAL VEHICLE SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS:

1. I UNDERSTAND THAT THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, ARE EXCLUDED BY YOU [Swenson] FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE GOODS SOLD.

. . . .

4. Mechanical problems may arise with any recreational vehicle, I understand that there may be written warranties covering the recreational vehicle purchased, or any appliance(s) or component(s), such as those which have been provided by the manufacturers of the recreational vehicle, the appliance(s) and the component(s). I UNDERSTAND THAT THE MANUFACTURERS' WARRANTY OR WARRANTIES I RECEIVED AT THE TIME OF SALE ARE MY EXCLUSIVE AND SOLE REMEDY FOR ANY PROBLEMS THAT I MAY HAVE WITH THE RECREATIONAL VEHICLE OR APPLIANCE(S) OR COMPONENT(S). I AGREE THAT NO OTHER REMEDIES ARE AVAILABLE TO ME, INCLUDING BY WAY OF EXAMPLE AND NOT BY LIMITATION SUCH REMEDIES AS REVOCATION OF ACCEPTANCE AND RESCISSION.

. . . .

6. I UNDERSTAND THAT FOR PURPOSES OF THIS TRANSACTION THE RETAIL SALES AGREEMENT/BUYERS ORDER AND THE MANUFACTURERS' LIMITED WARRANTY ARE EXCLUSIVE AND INDEPENDENT DOCUMENTS. I UNDERSTAND THAT MUTUAL PRESENTATION OF THE RETAIL SALES

AGREEMENT/BUYERS ORDER AND THE MANUFACTURERS' LIMITED WARRNATY [sic] DOES NOT IMPLY THAT THE DEALER WARRANTS THE UNIT IN THE NAME OF THE MANUFACTURER. I REPRESENT AND WARRANT THAT THE MANUFACTURERS' LIMITED WARRATIES [sic] AND THE BUYERS ORDER/SALES AGREEMENT ARE NOT "SO CLOSELY LINKED BOTH IN TIME AND DELIVERY AND SUBJECT MATTER THAT THEY ARE BLENDED INTO A SINGLE UNIT AT THE TIME OF SALE." I UNDERSTAND THAT THE MANUFACTURER IS NOT THE "SELLER" AND NO CONTRACTUAL RIGHTS OR OBLIGATIONS EXIST BETWEEN MYSELF AND THE MANUFACTURER.

[¶ 20] The Warranty Rights document also provided that "all parts of this contract and the Buyers Order are agreed by me to be a part of the basis of the bargain between you and me." Darby signed this document. Swenson provided Darby with a copy of written, manufacturer warranties for the motor home. Darby signed an acknowledgment that he received the warranty and product information.

■ [¶ 21] In support of its motion for summary judgment, Swenson presented evidence that Darby received and signed the Warranty Rights Agreement and acknowledged receipt of the manufacturers' warranties and product information at the time of the sale. Swenson also presented evidence that Darby did not inquire of Swenson regarding the Warranty Rights Agreement, or complain about its terms, at any point during or subsequent to the negotiation and completion of the sales transaction. Darby did not present any affidavits or evidence that the terms of the sales documents were not part of the basis for the bargain, except to argue that there is no evidence that he read the documents before signing. Furthermore, the district court held a hearing on Swenson's motion for summary judgment and Darby's motion for leave to amend. Darby did not offer any affidavits, deposition testimony, or other evidence to support his motion for leave to amend or to provide evidence in opposition to Swenson's motion for summary judgment. A proposed amendment must not only be theoretically viable, but also must be solidly grounded in the record, when it is proposed in response to a summary judgment motion. *See Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir.2001). The allegations in the amended complaint must be supported by substantial evidence. *Id.* The allegations in Darby's amended complaint do not state a claim for relief and are not supported by evidence. Therefore, his amended complaint would be futile and unable to survive summary judgment. Because Darby's amended complaint would have been futile and the facts are not in dispute, summary judgment was appropriate.

■ [¶ 22] On appeal, Darby also argues that he has warranty claims because the contract between the parties was unconscionable. Darby did not allege the contract was unconscionable in his complaint or amended complaint, nor did he plead unconscionability. Darby asserts he raised the issue to the district court in his response to Swenson's motion for summary judgment when he stated:

It should be noted in accordance with NDCC 41–02–19 the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court

may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Darby then cited two North Dakota cases pertaining to unconscionability. Darby did not assert the contract with Swenson was unconscionable, nor did he provide any analysis as to why it would be unconscionable. Furthermore, even if Darby had sufficiently raised the issue of unconscionability to the district court, he did not establish any evidence to support a claim of procedural or substantive unconscionability. Darby failed to plead and adequately brief unconscionability to the district court, and we will not consider the issue on appeal. *See Farmers Elevator & Mercantile Co. v. Farm Builders, Inc.,* 432 N.W.2d 864, 869 (N.D.1988).

### III

[¶ 23] Finally, Darby argues the district court should not have dismissed the case with prejudice. However, he did not adequately raise and brief this issue. Darby's brief merely alleges that this should not be the final action on the issue. Darby provided no additional analysis or applicable law pertaining to this argument. Darby's failure to adequately brief this argument precludes relief on the issue. *See Olsrud v. Bismarck–Mandan Orchestral Ass'n,* 2007 ND 91, ¶ 25, 733 N.W.2d 256 ("[The appellant] has not cited any legal authority to support her waiver and estoppel arguments. We have often said a party waives an issue by not providing supporting argument, and without supportive reasoning or citations to relevant authorities, an argument is without merit."). However, even if we consider the issue, our review indicates that on this record, all of Darby's issues were resolved by the district court and it was appropriate to dismiss the claim with prejudice.

### IV

[¶ 24] We conclude the district court did not err in granting summary judgment in favor of Swenson because even if Darby had been permitted to amend his complaint, his proposed amended complaint would have been futile, and the district court did not err in dismissing Darby's complaint with prejudice. We affirm the district court's summary judgment.

[¶ 25] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.