2012 ND 204

Catherine L. WALSTAD, Plaintiff and Appellant

v.

Richard H. WALSTAD, Defendant and Appellee.

No. 20120059.

Supreme Court of North Dakota.

Oct. 1, 2012.

Randolph E. Stefanson, Moorhead, MN, for plaintiff and appellant.

James R. Brothers, Fargo, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1]   Catherine Walstad appeals from a judgment awarding her $37,222.90 in her action against Richard Walstad for fraudulently concealing marital property during the parties' 1994 divorce.  She argues punitive damages may be recovered from a former spouse who concealed assets in a stipulated property settlement agreement in a prior divorce action and the district court abused its discretion in denying her motion to amend her complaint to assert a claim against Richard Walstad for punitive damages.  We conclude a district court has equitable authority in an independent action in equity to enjoin enforcement or otherwise grant relief from the earlier divorce judgment on the bases of economic misconduct or fault in that proceeding, but may not award punitive damages in the context of granting relief from the prior divorce judgment.  Because we are unable to discern whether the district court considered economic fault or misconduct in granting relief from the earlier divorce judgment, we reverse and remand.

## I

[¶ 2]   Catherine and Richard Walstad were divorced in 1994 after entering a stipulated property settlement agreement stating "[b]oth parties agree that each has made a full disclosure to the other of all assets and liabilities."  The settlement agreement was incorporated into a 1994 divorce judgment that equally divided the parties' marital property, including their interest in a business.

[¶ 3]   In 2009, Catherine Walstad sued Richard Walstad, alleging she had recently learned that before entry of the divorce judgment, he had paid two employees at the business more than $100,000 in bonuses with the understanding the employees would return the bonus money to him after the divorce.  Catherine Walstad alleged Richard Walstad fraudulently failed to disclose the inappropriate bonus payments during the divorce, which resulted in a reduction in the value of the business for the parties' marital property valuation and a reduction in her share of marital property under the divorce judgment.  She stat-

ed Richard Walstad's fraud constituted grounds for an independent action in equity to obtain relief from the divorce judgment. She asked the court to exercise its equitable powers and grant her relief from the 1994 divorce judgment by specifically requiring Richard Walstad to pay her more than $50,000, plus seven percent interest from the date of the divorce judgment.

[¶ 4] In 2010, Catherine Walstad moved to amend her complaint to assert a claim for punitive damages. The district court denied her motion, ruling punitive damages were not authorized under N.D.C.C. § 32–03.2–11(1) for her action for breach of the property settlement agreement in the divorce, because her action arose out of a contract. After a bench trial, Catherine Walstad asked the court to award her $195,266 in damages from Richard Walstad, ostensibly on the basis of her claim for half of the concealed property. The court awarded Catherine Walstad $37,222.90, finding Richard Walstad "wrongfully concealed" $50,000 from her during the divorce proceedings in a "scheme" and "concocted ... [a] plan to hide assets from [her]." The court found Richard Walstad inappropriately paid a total of $50,000 in bonuses to the two employees in 1993, which should have been paid to him and included in the parties' marital estate. Using the parties' applicable tax bracket, the court decided he would have received about $35,000 after taxes and Catherine Walstad was entitled to half that amount, or $17,500. The court also awarded Catherine Walstad prejudgment interest of $19,548 and costs and disbursements of $174.90, for a total award of $37,222.90.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Catherine Walstad timely appealed from the judgment under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Catherine Walstad argues the district court abused its discretion in denying her motion to amend her complaint to assert a claim for punitive damages under N.D.C.C. § 32–03.2–11(1), which provides, "[i]n any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant." She argues her claim did not arise solely out of a breach of the stipulated property settlement agreement and asserts punitive damages may be recovered from a former spouse who concealed assets in a stipulated agreement leading up to a divorce judgment. She argues a party to a divorce action has an obligation imposed by operation of law not to make fraudulent representations, which is a corollary to the proposition that economic fault or misconduct may be considered in property distributions in divorce actions.

[¶ 7] Under N.D.R.Civ.P. 15(a), once a responsive pleading has been served, a complaint may be amended only by leave of court or by written consent of the opposing party. A district court has wide discretion in deciding whether to permit amended pleadings after the time for an amendment has passed. *Darby v. Swenson Inc.*, 2009 ND 103, ¶ 11, 767 N.W.2d 147. We will not reverse a court's decision on a party's motion to amend a pleading unless the court abuses its discretion. *Id.* A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the prod-

uct of a rational mental process leading to a reasoned determination. *Farmers Alliance Mut. Ins. Co. v. Hulstrand Const., Inc.*, 2001 ND 145, ¶ 10, 632 N.W.2d 473. When a proposed amendment would be futile, a district court does not abuse its discretion in denying a motion to amend the complaint. *Darby*, at ¶ 12.

[¶ 8] Although Catherine Walstad presents her argument in the context of a motion to amend her complaint to include a claim for punitive damages, her argument raises questions about the procedure for raising issues about fraudulent concealment of marital property in a divorce proceeding and the efficacy of a subsequent claim for punitive damages under N.D.C.C. § 32–03.2–11(1) for the fraudulent concealment.

[¶ 9] North Dakota procedural rules require motions for relief from a judgment for fraud or misconduct by an adverse party to be made within a reasonable time and not more than one year after notice of entry of the judgment. *See* N.D.R.Civ.P. 60(b)(iii) (effective March 1, 1994) and N.D.R.Civ.P. 60(b)(3) and (c) (effective March 1, 2011).

[¶ 10] In *Hamilton v. Hamilton*, 410 N.W.2d 508, 510–20 (N.D.1987), this Court exhaustively reviewed the continued validity of an independent action in equity as a means of obtaining relief from a judgment if relief was not available under N.D.R.Civ.P. 60(b) because the time limitations for a motion for relief from the judgment had passed. In *Hamilton*, a former wife alleged a former husband failed to disclose property during settlement proceedings culminating in a stipulated divorce judgment. 410 N.W.2d at 509. The former wife brought an independent action in equity more than one year after the judgment was entered, and the district court dismissed her action, ruling it was a collateral attack on a final judgment. *Id.*

at 509–10. This Court defined an independent action in equity as "a general recognition of the equitable powers of a court to entertain an independent action to enjoin the enforcement of, or otherwise procure relief from, a judgment on whatever basis chancery would afford relief." *Id.* at 513 n. 4. This Court held the former wife's independent action in equity was a valid means of directly attacking the judgment and was not a collateral attack on the judgment. *Id.* at 518–20. Under the procedure recognized in *Hamilton*, a court may entertain an independent action in equity and grant relief from a judgment if more than one year has passed since entry of the judgment. *Id.* at 518–19. The available relief stems from the court's equitable powers to enjoin enforcement, or otherwise grant relief from a blatantly unjust judgment. *Id. See United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (independent action in equity available only to prevent "grave miscarriage of justice").

[¶ 11] Section 14–05–24(3), N.D.C.C., which was enacted in 2001, says a "court may redistribute property and debts in a postjudgment proceeding if a party has failed to disclose property and debts as required by rules adopted by the supreme court or the party fails to comply with the terms of a court order distributing property and debts." 2001 N.D. Sess. Laws ch. 150, § 1. The 2001 legislation resulted from a study by a Joint Family Law Task Force appointed by this Court in 1995 at the request of the North Dakota State Bar Association. *Report of the North Dakota Legislative Council to the Fifty–Seventh Legislative Assembly* 277–78 (2001). The Task Force engaged in a cooperative study with the Legislative Council's Judiciary Committee during the interim session before the 2001 legislative session. *Id.* As relevant to the language currently found in

N.D.C.C. § 14–05–24(3), a Property Division and Spousal Support Working Group surveyed laws of 49 states, with an emphasis on a California disclosure law enacted in 1993. *Report of the North Dakota Legislative Council,* at 277–78. *See* Cal. Fam. Code §§ 1101, 2100 and 2120 *et seq.* (West 2004). The *Report of the North Dakota Legislative Council,* at 278, states:

The working group's concerns regarding the complete disclosure of marital assets were the premise for the discussions regarding the California disclosure law. Working group members questioned whether legislation similar to that passed in California would rectify problems associated with parties who conceal or decide not to candidly disclose information regarding marital assets.

California passed its disclosure law in 1993. The law was enacted to ensure fair and honest reporting of marital assets during the dissolution process. A party failing to comply with the disclosure requirements may be subject to a redistribution of the previous property division order as well as being required to pay the other side's attorney's fees and costs. The group discussed several issues concerning the implementation of a similar law in North Dakota, and noted in particular that disclosure laws would shift the burden from the victim to the perpetrator of nondisclosure.

The working group decided the disclosure requirements were largely procedural in nature and, therefore, should be considered as a potential rule. The working group concluded the number of cases involving disclosure issues was probably small while the impact of a disclosure rule on cost and the potential for delay would be great. The group also determined that Rule 60 of the North Dakota Rules of Civil Procedure, dealing with relief from a judgment or order when new information is obtained, provides relief similar to the disclosure law. Based on those findings, the working group decided to forego any further work on a disclosure law.

[¶ 12] After that interim study, the 2001 legislature enacted the language currently found in N.D.C.C. § 14–05–24(3). 2001 N.D. Sess. Laws, ch. 150 § 1. A representative from the State Bar Association, Sherry Mills Moore, testified the language enacted in N.D.C.C. § 14–05–24(3), which was originally introduced in Senate Bill 2044 and was enacted in Senate Bill 2045, addressed:

the problem caused when one spouse hid assets from the other spouse. If the sneaky spouse was required to disclose those assets but did not, the property can be redistributed in a post judgment proceeding. Currently property distribution is final upon judgment, only to be opened in the case of fraud. The innocent spouse carries the burden, and it is a heavy one, of proving the fraud. Here, if the innocent spouse shows an obligation to disclose and then failure to disclose an asset by the sneaky spouse, the property can be redistributed. The court is also empowered to redistribute property for enforcement. So, for example, in the latter situation, if the husband is awarded one car, but the wife intentionally destroys it, a piece of property previously distributed to her can be awarded the husband.

*Hearing on S.B.2044 Before Senate Judiciary Comm.,* 57th N.D. Legis. Sess. (Jan. 24, 2001) (written testimony of Sherry Mills Moore, Representative of North Dakota State Bar Association).

[¶ 13] Reading *Hamilton,* N.D.C.C. § 14–05–24(3) and N.D.R.Civ.P. 60 together, we conclude they provide separate remedies for pursuing a former spouse's failure to disclose marital assets or debts

during a divorce. We also recognize different limitations apply to each of the three available sources of relief. Motions are permitted under N.D.C.C. § 14-05-24(3) and N.D.R.Civ.P. 60, although a motion under the statute is not limited by the time constraints in N.D.R.Civ.P. 60. An independent action in equity against the non-disclosing former spouse is available under *Hamilton.*

[¶ 14] Catherine Walstad's reliance on *In re Marriage of Rossi,* 90 Cal.App.4th 34, 108 Cal.Rptr.2d 270 (2001); *Dale v. Dale,* 66 Cal.App.4th 1172, 78 Cal.Rptr.2d 513 (1998); and *Burris v. Burris,* 904 S.W.2d 564 (Mo.Ct.App.1995), to support her claim for punitive damages is misplaced.

[¶ 15] In *Rossi,* 108 Cal.Rptr.2d at 272, 275-77, the California Court of Appeals affirmed a trial court's post-judgment order to set aside a property distribution after a former wife failed to disclose community property lottery winnings and the trial court awarded the entire lottery proceeds to the former husband under Cal. Fam.Code § 1101(h). *Rossi* affirmed an award of all the concealed property to the non-concealing spouse under California's statutory disclosure law and does not involve punitive damages. 108 Cal.Rptr.2d at 277.

[¶ 16] In *Dale,* 78 Cal.Rptr.2d at 522, the California Court of Appeals held that in the absence of a pending dissolution proceeding, a former wife who contends her former husband tortiously concealed community assets from her in a dissolution proceeding was entitled to bring a tort action for the alleged concealment. The initial divorce judgment in *Dale* was entered in 1988, and the court of appeals explicitly did not address the effect of Cal. Fam.Code § 2120 *et seq.* on the viability of a tort action for concealment of assets. 78 Cal.Rptr.2d at 517 n. 5. Moreover, in view

of California's statutory disclosure law, the continued validity of a separate tort action under *Dale* has been questioned in *Kuehn v. Kuehn,* 85 Cal.App.4th 824, 102 Cal. Rptr.2d 743, 749-50 (2000) (remanding to family court for equitable relief), and *Rubenstein v. Rubenstein,* 81 Cal.App.4th 1131, 97 Cal.Rptr.2d 707, 718 (2000) (same).

[¶ 17] In *Burris,* 904 S.W.2d at 567-71, no issue was raised about the appropriate procedure for challenging an alleged fraudulent concealment of marital property in a divorce proceeding. Rather, the Missouri Court of Appeals outlined the elements for a tort action for fraud and addressed issues about the sufficiency of the evidence to support findings on those elements. *Id.* The Missouri Court of Appeals also concluded the trial court did not abuse its discretion in awarding a former wife punitive damages for the former husband's concealment of marital property without addressing the viability of a tort action. *Id.* at 571.

■ [¶ 18] In view of the specific procedures authorized by N.D.R.Civ.P. 60(b), N.D.C.C. § 14-05-24(3) and an independent action in equity, we conclude the foreign authorities cited by Catherine Walstad are not persuasive for her claim for punitive damages. Rather, we conclude the procedure in N.D.R.Civ.P.60(b), the statute and an independent action in equity provide the established method for addressing issues about a claimed fraudulent concealment of marital property during an earlier divorce proceeding. We have found no persuasive authority authorizing punitive damages in any of these types of proceedings to enjoin performance or otherwise grant relief from a blatantly unjust divorce judgment, and we conclude punitive damages are not authorized in such an action. We therefore conclude the district court did not abuse its discretion in deny-

ing Catherine Walstad's motion to amend her complaint.

[¶ 19] Catherine Walstad's action stated Richard Walstad's fraud constituted grounds for an independent action in equity to obtain relief from the divorce judgment. In an independent action in equity to enjoin performance or otherwise grant relief from a blatantly unjust divorce judgment, however, a court has broad equitable powers to enjoin enforcement or otherwise grant relief from the earlier divorce judgment. *See Hamilton*, 410 N.W.2d at 513 n. 4. *See also* N.D.C.C. § 14–05–24(3) (authorizing court to redistribute property and debts). We conclude that authority includes using the established *Ruff–Fischer* guidelines for property distribution, including consideration of economic fault and misconduct in distributing marital property. *See, e.g., Hoverson v. Hoverson*, 2001 ND 124, ¶ 17, 629 N.W.2d 573 (recognizing economic and noneconomic fault are proper factors for district court to consider in dividing marital property). Here the district court essentially divided the concealed property equally, and we are unable to discern from the court's decision whether it considered application of economic fault or misconduct in the redistribution of property in the context of the independent action in equity. We therefore conclude a remand is appropriate for the court to apply the correct law in the context of this independent action in equity.

## III

[¶ 20] We reverse the judgment and remand for further proceedings.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

H. PATRICK WEIR, D.J.

[¶ 22] The Honorable H. Patrick Weir, D.J., sitting in place of Maring, J., disqualified.