# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2018 ND 273

---

Shannon Bakke,                                                    Plaintiff and Appellant

v.

Magi-Touch Carpet One Floor & Home, Inc.,          Defendant and Appellee

and

SPS Companies, Inc.,                                                             Defendant

---

No. 20180116

---

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Justice.

Shawn A. Grinolds, Bismarck, ND, for plaintiff and appellant.

Cloe A. Kilwein (argued) and William P. Harrie (on brief), Fargo, ND, for defendant and appellee Magi-Touch Carpet One Floor & Home, Inc.

**Jensen, Justice.**

[¶1]    Shannon Bakke appeals from a judgment in favor of Magi-Touch Carpet One Floor & Home, Inc. and denial of her motion to amend her complaint.  Bakke asserts the district court erred in concluding she could not pursue a claim against Magi-Touch because Magi-Touch was not liable for the acts of its independent contractor.  Bakke also asserts the district court erred in denying, as futile, her motion to amend her complaint to assert a contract claim against Magi-Touch.  We affirm in part, reverse in part, and remand this case to the district court for further proceedings on Bakke's contract claim.

I.

[¶2]    Bakke entered into a contract with Magi-Touch for the installation of floor tiles, a shower base, and related products in a bathroom within Bakke's home.  Magi-Touch arranged to have the shower base and tile installed by VA Solutions, LLC, an independent contractor.  Bakke asserts the shower door was improperly installed, the improper installation resulted in the shower door imploding, and the implosion caused damage to property in and around the shower requiring the bathroom door and trim to be repainted.

[¶3]    Magi-Touch refused to compensate Bakke for repainting the bathroom door and trim.  Bakke initiated the litigation in small claims court using a court provided small claims court affidavit form and sought to recover compensation for the repairs to the bathroom door and trim.  The small claims court affidavit form only requires a general description of the claim, and Bakke did not state whether she was asserting tort or contract claims.

[¶4]    Magi-Touch responded to the small claims court affidavit with a formal answer and did not use the small claims court answer form.  The answer included a demand for a jury trial and defenses that can be fairly characterized as responding to a

1

negligence (tort) cause of action. The answer included an assertion that Bakke's claim was barred by the economic loss doctrine; the economic loss doctrine would limit Bakke's recovery to a breach of contract claim and preclude tort claims such as negligence. Magi-Touch also requested removal of the case from the small claims court to the district court.

[¶5] After removal of the case to the district court, Magi-Touch moved for summary judgment asserting VA Solutions was hired as an independent contractor and Magi-Touch could not be held liable for the negligence of an independent contractor. The district court granted Magi-Touch's request for summary judgment after determining Magi-Touch had no liability for the negligence of an independent contractor. In the same order, the district court granted SPS Companies, Inc.'s motion to dismiss after determining SPS was relieved from liability for distribution of a defective product because SPS is a non-manufacturing seller as defined by N.D.C.C. § 28-01.3-04. Bakke has not appealed the dismissal of SPS from the litigation.

[¶6] At the same time the district court considered Magi-Touch's motion for summary judgment and SPS's motion to dismiss, the district court considered Bakke's motion to file an amended complaint. The amended complaint expanded on the general claim asserted in the small claims court affidavit and specifically asserted claims for breach of contract, fraud, deceit, negligence, and unlawful sales practices. The district court denied Bakke's request for leave to file the amended complaint after determining the claims would be futile. In doing so, the district court relied on its prior determination that Magi-Touch could not be held responsible for the negligent acts of VA Solutions, an independent contractor.

II.

[¶7] In its order granting summary judgment, the district court determined Bakke and Magi-Touch entered into a contract for the installation of floor tiles, a shower base, and the related products in a bathroom within Bakke's home. That finding is consistent with Magi-Touch's assertion in its answer that the economic loss doctrine precludes tort claims.

2

[¶8] The elements of a contract are outlined in N.D.C.C. § 9-01-02 and include parties capable of contracting, the consent of the parties, a lawful object, and consideration. In the present case, all of those elements exist: 1) both parties were capable of entering into a contract; 2) both parties consented to the contract; 3) installation/remodeling of a bathroom is a lawful object; and 4) consideration for the contract was satisfied by Magi-Touch's agreement to provide materials and installation in exchange for payment from Bakke. The district court properly determined the existence of a contract between the parties for the installation of floor tiles, a shower base, and the related products in a bathroom within Bakke's home.

### III.

[¶9] North Dakota law recognizes an implied warranty of fitness for the purpose in construction contracts. *Leno v. K & L Homes, Inc.*, 2011 ND 171, ¶ 10, 803 N.W.2d 543 (citing *Dobler v. Malloy*, 214 N.W.2d 510, 516 (N.D. 1973)). This Court has recognized the implied warranty of fitness for a particular purpose in construction contracts where:

> (1) the contractor holds himself out, expressly or by implication, as competent to undertake the contract; and the owner (2) has no particular expertise in the kind of work contemplated; (3) furnishes no plans, designs, specifications, details, or blueprints; and (4) tacitly or specifically indicates his reliance on the experience and skill of the contractor, after making known to him the specific purposes for which the building is intended.

*Dobler*, at 516. The existence of an implied warranty of fitness for a particular purpose in a construction contract, and the breach of that warranty, are findings of fact. *Air Heaters, Inc. v. Johnson Elec., Inc.*, 258 N.W.2d 649, 654 (N.D. 1977).

[¶10] In distinguishing between claims for breach of a contract warranty and tort claims, this Court has held:

> In *Dakota Grain Co. v. Ehrmantrout*, 502 N.W.2d 234, 236-37 (N.D. 1993), we explained the difference between a breach of warranty action arising under a sales contract and a negligence action. The seller's negligence, or lack of negligence, is not relevant to the question of whether the seller breached his or her express warranty to deliver conforming goods. *Id.* at 236. A mere breach of contract does not, by

itself, furnish a basis for tort liability grounded in negligence. *Id.* Conduct which constitutes a breach of contract does not subject the actor to an action for negligence, unless the conduct also constitutes a breach of an independent duty that did not arise from the contract. *Id.* at 236-37; *see also Olander Contracting Co. v. Gail Wachter Investments*, 2002 ND 65, ¶ 26, 643 N.W.2d 29.

*Border Res., LLC v. Irish Oil & Gas, Inc.*, 2015 ND 238, ¶ 48, 869 N.W.2d 758 (Crothers, J., specially concurring) (citation omitted).

[¶11] Bakke's breach of contract claim falls under the judicially-recognized doctrine of implied warranty of fitness for a particular purpose arising from the parties' construction contract. *See e.g.*, *Leno*, 2011 ND 171, ¶ 16, 803 N.W.2d 543 (citing *Dobler*, 214 N.W.2d at 516). The cause of action was for the economic loss associated with Bakke not receiving what had been bargained for in the parties' agreement; the installation of floor tiles, shower base, and related materials in a manner that would satisfy the implied warranty of fitness for a particular purpose. *See Leno*, at ¶ 16 (citing W. Page Keeton, Prosser & Keeton on Torts, 658-59, 680 (5th ed. 1984). "Though implied warranties are often described as sounding both in tort and contract law, we decline to apply a tort concept to a contractually-based implied warranty." *Id.* Despite pleadings which asserted negligence, fraud/deceit, unlawful sales practices, defective products and other tort claims, along with extensive argument in the district court and this Court regarding the tort claims, the actionable portion of this case involves a breach of contract and is governed by contract law, not the law of torts.

## IV.

[¶12] We agree with the district court's conclusion that Bakke would generally be precluded from asserting a negligence action against Magi-Touch for any negligent acts of its independent contractor, VA Solutions. *See Grewal v. North Dakota Ass'n of Ctys.*, 2003 ND 156, ¶¶ 10-12, 670 N.W.2d 336; *Rogstad v. Dakota Gasification Co.*, 2001 ND 54, ¶ 14, 623 N.W.2d 382. However, Bakke also seeks to assert a claim for the breach of a contract, aside from negligence and other related torts.

4

[¶13]   A breach of contract is the nonperformance of a contractual duty when it is due.  *See* Restatement (Second) of Contracts § 235(2) (1981); *see also WFND, LLC v. Fargo Marc, LLC*, 2007 ND 67, ¶ 13, 730 N.W.2d 841 (citing NDJI Civil C-50.50 (1995)).  The elements of a *prima facie* case for breach of contract are:  (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach.  *See Kuhn v. Marquart*, 45 N.D. 482, 487, 178 N.W. 428, 429 (1920).  Here, Magi-Touch agreed to provide materials and labor for the installation of floor tiles, a shower base, and related materials.

[¶14]   Magi-Touch attempts to avoid any implied warranty by suggesting that its contractual obligation to provide the labor was satisfied by arranging for the labor and, once they had delegated that obligation to VA Solutions, they were relieved from any liability.  "It is a well-established principle in the law of contracts that a contracting party cannot escape its liability on the contract by merely assigning its duties and rights under the contract to a third party."  *Rosenberg v. Son, Inc.*, 491 N.W.2d 71, 74 (N.D. 1992).  This well-established principle has been codified with regard to the sale of goods in N.D.C.C. § 41-02-17(1), N.D.C.C., which reads as follows:

> 1. A party may perform that party's duty through a delegate unless otherwise agreed or unless the other party has a substantial interest in having the other party's original promisor perform or control the acts required by the contract.  No delegation of performance relieves the party delegating of any duty to perform or any liability for breach.

Professor Corbin explained this point succinctly in his treatise on contract law as follows:

> An assignment is an expression of intention by the assignor that his duty shall immediately pass to the assignee.  Many a debtor wishes that by such an expression he could get rid of his debts.  Any debtor can express such an intention, but it is not operative to produce such a hoped-for result.  It does not cause society to relax its compulsion against him and direct it toward the assignee as his substitute.  In spite of such an "assignment," the debtor's duty remains absolutely unchanged.  The performance required by a duty can often be delegated; but by such a delegation the duty itself is not escaped.

5

*Rosenberg*, at 74 (quoting 4 Corbin on Contracts § 866 at 452). This Court has applied this rule of law to all categories of contracts. *Id.*

[¶15] Here, Magi-Touch contracted to install floor tiles, a shower base, and related materials with its performance being subject to the implied warranty of fitness for a particular purpose. A failure to satisfy the warranty of fitness for a particular purpose would be a breach of the contract between Magi-Touch and Bakke and give rise to a claim for breach of contract claim against Magi-Touch. While the agreement did not prevent Magi-Touch from engaging an independent contractor to do the installation, the hiring of an independent contractor does not relieve Magi-Touch from the performance of its obligations under the contract it had with Bakke, including the satisfaction of the implied warranty of fitness for a particular purpose. In summary, assuming Bakke properly asserted a claim for breach of the parties' contract, the delegation of Magi-Touch's obligation to provide labor to VA Solutions does not preclude a cause of action against Magi-Touch for a breach of the contract.

V.

[¶16] Bakke's proposed amended complaint included a claim that Magi-Touch had breached the parties' contract by failing to perform in a "workmanlike manner." While not stated specifically as a breach of the warranty of fitness for a particular purpose, the allegations sufficiently raises a claim for breach of the warranty of fitness for a particular purpose.

[¶17] "Under N.D.R.Civ.P. 15(a), once a responsive pleading has been served, a complaint may only be amended by leave of court or by written consent of the opposing party." *Johnson v. Hovland*, 2011 ND 64, ¶ 8, 795 N.W.2d 294. This Court has described the standard to be applied when a party moves to amend its complaint in response to an opposing party's summary judgment motion:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the

6

defendant on some cognizable theory. If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

*Darby v. Swenson, Inc.*, 2009 ND 103, ¶ 12, 767 N.W.2d 147 (quoting *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citations omitted)). An amendment is futile for purposes of determining whether leave to amend should be granted, if the added claim would not survive a motion for summary judgment. *Benz Farm, LLP v. Cavendish Farms, Inc.*, 2011 ND 184, ¶ 26, 803 N.W.2d 818.

[¶18] The district court denied Bakke's request to amend the complaint after determining the amendment would be futile. The district court's determination of the amendment to be futile was based on the premise that Bakke's negligence claim was precluded because the work was performed by an independent contractor. While we agree a negligence cause of action against Magi-Touch would be precluded, the existence of the independent contractor did not relieve Magi-Touch of its obligation to perform under the terms of its contract with Bakke. In the context of a claim for a breach of the parties' contract, the amendment was not futile and should have been allowed.

VI.

[¶19] We agree with the district court that the remaining claims for fraud, deceit, and deceptive/fraudulent acts as proposed by Bakke would not withstand summary judgment. The remedy for fraud is rescission of the contract and requires returning the parties back to their original positions. *Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 21, 703 N.W.2d 330. Fraud, if asserted, terminates the contract at its inception through the rescission. Bakke does not seek rescission of the contract, and the amendment to assert a claim for fraud was properly denied.

7

[¶20] In contrast to fraud, deceit is not an action dependent on a contract; it is a tort cause of action, and allows recovery of damages upon proof of an affirmative misrepresentation or suppression of material facts. *See* N.D.C.C. § 9-10-02; *Delzer v. United Bank of Bismarck*, 527 N.W.2d 650, 653 (N.D. 1995). Deceit appears in N.D.C.C. ch. 9-10, Obligations Imposed by Law, along with intentional acts and negligence. If the parties have a contractual relationship, it is possible, in only very limited circumstances, to assert both a breach of contract claim and a deceit claim. *Delzer*, at 654; *Pioneer Fuels, Inc. v. Montana-Dakota Utils., Co.*, 474 N.W.2d 706, 709 (N.D. 1991). Bakke has alleged no facts that there was deceit separate from the parties' contract and dismissal of an amended complaint to assert a cause of action for deceit was appropriate.

[¶21] Lastly, N.D.C.C. § 51-15-02 prohibits deceptive or fraudulent acts in connection with the sale of merchandise. Bakke sought leave to amend without requesting additional discovery and a summary judgment motion has been docketed. Under those circumstances, the proposed amendment must be both theoretically viable and solidly grounded in the record. *Darby*, 2009 ND 103, ¶ 12, 767 N.W.2d 147. The district court properly denied the amendment for a claim under N.D.C.C. ch. 51-15 in determining the amendment to be futile because the allegations of the proposed amended complaint, with regard to a claim under N.D.C.C. ch. 51-15, were not supported by substantial evidence.

VII.

[¶22] On remand, if Bakke is able to establish her breach of contract claim, she will be entitled to damages. The parties agree Bakke has already been compensated for the damaged door, and the installation has been completed. Their dispute involves the expense associated with repairing damage to the bathroom door and trim caused by the implosion of the shower door. The bathroom door and trim were not included within the items and installation covered by the parties' contract.

[¶23] The general rule in the case of a breach of contract is that the measure of damages is the amount which will compensate the injured person for the loss which

8

a fulfillment of the contract would have prevented or the breach of the contract now requires. *Vallejo v. Jamestown Coll.*, 244 N.W.2d 753, 758 (N.D. 1976). "The person injured is, as far as it is possible to do so by monetary award, to be placed in the position he would have been in had the contract been performed." *Id.* The North Dakota Legislature, through N.D.C.C. § 32-03-09, has set out the measure of damages for breach of contract, which provides as follows:

> For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by the laws of this state, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin.

"This statutory provision is, in effect, the adoption of the common law rule." *Id.* (citing *Hayes v. Cooley*, 13 N.D. 204, 100 N.W. 250, 254 (1904); *Needham v. H.S. Halverson & Co.*, 22 N.D. 594, 135 N.W. 203, 207 (1912)).

[¶24] In *Dobler*, we outlined the measure of damages under N.D.C.C. § 32-03-09, for breach of a construction contract as follows:

> There are, of course, two possible measures of damages. If the contract is substantially performed, and the breach of contract can be remedied without taking down and reconstructing a substantial portion of the building, the amount of damages is the cost of making the work conform to the contract. Or, where the defects cannot be remedied without reconstruction of a substantial portion of the work, the measure of damage is the difference in value between what it would have been if built according to contract and what was actually built.

214 N.W.2d at 518 (citing *Karlinski v. P.R. & H. Lumber & Constr. Co.*, 68 N.D. 522, 281 N.W. 898, 901 (1938). This Court has recognized that under some circumstances, the cost to repair is the correct method for measuring damages. *Swain v. Harvest States Coops.*, 469 N.W.2d 571, 574 (N.D. 1991).

[¶25] The present dispute involves Bakke's claim for damages necessitated by the need to repair property damaged as a result of the alleged breach of contract premised on the failure to satisfy the warranty of fitness for a particular purpose. Bakke's

9

damages, if proven, fall within the scope of damages recoverable for a breach of contract.

VIII.

[¶26]   Bakke's cause of action against Magi-Touch is properly asserted as a breach of contract claim, must be resolved by the law of contracts, and is not precluded by Magi-Touch employing an independent contractor to complete the installation.  We affirm the district court's summary judgment of Bakke's tort claims against Magi-Touch, affirm the dismissal of the claim against SPS, affirm the denial of Bakke's request to amend the complaint to assert tort claims, and reverse the district court's denial of Bakke's request to amend the complaint to assert a breach of contract claim. We remand this case for further proceedings consistent with this opinion on Bakke's breach of contract claim.

[¶27]   Jon J. Jensen
            Lisa Fair McEvers
            Daniel J. Crothers
            Jerod E. Tufte
            Gerald W. VandeWalle, C.J.