IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 101

Jacob I. Severson,                                    Plaintiff and Appellant

v.

Dr. Shabnum Gupta, Sanford Health Network North,
and Sanford Medical Center Fargo,                    Defendants and Appellees

No. 20240292

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jacob I. Severson, Fargo, ND, plaintiff and appellant.

Matt A. Paulson (argued) and Randall S. Hanson (appeared), Grand Forks, ND, for defendants and appellees.

**Crothers, Justice.**

[¶1]  Jacob Severson appeals from a district court judgment granting the defendants' motion for summary judgment and denying his motion to amend his complaint. We affirm.

I

[¶2]  In December 2021, Jacob Severson saw Dr. Gupta at a Sanford facility in Fargo for removal of four genital warts. Dr. Gupta froze the warts using cryotherapy. After the procedure, Severson experienced blistering and scarring to the genital area. Severson returned to Sanford multiple times to address the blistering and scarring. In August 2022, Severson sought professional help for mental health issues he claimed were related to the procedure. In February 2022, Severson went to a dermatologist for the treatment of additional genital warts. Severson elected to again have the warts frozen using cryotherapy. In December 2023, Severson was referred to the urology department at Sanford for concerns about a physical abnormality. In January 2024, Severson sued Sanford and Dr. Gupta for medical malpractice.

II

[¶3]  Severson argues the district court erred in granting the defendants' motion for summary judgment. Severson claims that while he did not have an expert affidavit, his claim falls under two exceptions to the N.D.C.C. § 28-01-46 expert opinion requirement.

[¶4]  "Whether the trial court properly granted summary judgment is a question of law which [this Court] review[s] de novo on the entire record." *Green v. Mid Dakota Clinic,* 2004 ND 12, ¶ 5, 673 N.W.2d 257.

> "On appeal, [this Court] review[s] the evidence in the light most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which reasonably can be drawn from the evidence. The party moving for summary judgment

bears the burden of establishing there is no genuine issue of material fact and that, under applicable principles of substantive law, he is entitled to judgment as a matter of law."

*Id.* (cleaned up).

[¶5] Rule 56, N.D.R.Civ.P., allows a court to grant summary judgment "for prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result." *Green*, 2004 ND 12, ¶ 5.

[¶6] Section 28-01-46, N.D.C.C., applies to medical negligence claims and states:

> "Any action for injury or death alleging professional negligence by a physician, nurse, hospital, or nursing, basic, or assisted living facility licensed by this state or by any other health care organization, including an ambulatory surgery center or group of physicians operating a clinic or outpatient care facility, must be dismissed without prejudice on motion unless the plaintiff serves upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. The court may set a later date for serving the affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action."

[¶7] Severson concedes he did not submit an expert affidavit within the time required by N.D.C.C. § 28-01-46, and he did not request an extension to file an affidavit. Instead, Severson argues his claim falls under the obvious occurrence exception to the statute. *See* N.D.C.C. § 28-01-46 (stating "[t]his section does not apply to . . . [the] performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence").

[¶8] This Court has explained the obvious occurrence exception as follows:

"expert testimony is not required to establish a duty, the breach of which is a blunder so egregious that a layman is capable of comprehending its enormity. This 'obvious occurrence' exception applies only to cases that are plainly within the knowledge of a layperson. In an 'obvious occurrence' case, expert testimony is unnecessary precisely because a layperson can find negligence without the benefit of an expert opinion."

*Johnson v. Bronson*, 2013 ND 78, ¶ 12, 830 N.W.2d 595 (cleaned up).

[¶9]   Severson went to Sanford for treatment of genital warts. Dr. Gupta treated the warts with cryotherapy. Severson experienced blistering and scarring from the procedure. Sanford contends the blistering and scarring are outcomes that do not show the treatment was outside the standard of care. Severson argues the procedure was negligently performed and caused him harm. The district court determined that, while lay people are aware of cryotherapy, they do not know of the intricacies of the procedure or any abnormal adverse results from the procedure. The court also rejected Severson's argument that the wrong organ exception applies because the correct organ, Severson's skin, was the desired treatment location. Because Severson's claim does not involve an "obvious occurrence" of medical negligence and was not a procedure performed on the wrong organ, under N.D.C.C. § 28-01-46 Severson was required to provide an expert affidavit within three months of commencing the lawsuit.

[¶10] Because the facts are not in dispute, and Severson failed to comply with the requirements in N.D.C.C. § 28-01-46, the district court did not err in granting summary judgment in favor of the defendants.

III

[¶11] Severson argues the district court erred in denying his motion to amend the complaint changing his claim from a medical malpractice to medical battery due to an alleged lack of consent.

[¶12] This Court reviews an appeal of the denial of a motion to amend a complaint under the abuse of discretion standard. *Grandbois and Grandbois, Inc. v. City of Watford City*, 2004 ND 162, ¶ 11, 685 N.W.2d 129.

"A motion to amend a complaint is governed under Rule 15(a), N.D.R.Civ.P., which provides, in part: [a] party's pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party's pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

*Id.* (cleaned up). This Court has held:

"Once a responsive pleading has been served, a complaint may be amended only by leave of court or by written consent of the adverse party. A motion to amend a complaint under N.D.R.Civ.P. 15(a) lies within the sound discretion of the trial court, and we will not disturb the court's decision denying the motion absent an abuse of discretion. A trial court abuses its discretion only when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination."

*Id.* (cleaned up).

[¶13] Here, the district court determined Severson's motion to amend was filed after the defendants answered. *See* N.D.R.Civ.P. 15(a)(2). After a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* The defendants did not consent; therefore, any amendment of the complaint required leave of court. *Id.*

[¶14] The district court denied Severson's motion determining the amendment would be futile. This Court has held:

"If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, . . . amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the

4

proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence."

*Darby v. Swenson Inc.*, 2009 ND 103, ¶ 12, 767 N.W.2d 147.

[¶15] The district court noted that Severson's motion to amend his complaint came after the defendants' summary judgment motion was filed, and the motion relied on the same facts already in the record. The court concluded nothing in the record showed Severson did not consent to the procedure. The court also relied on a Minnesota case holding a failure to disclose the extent of touching may constitute a battery claim but "[c]onsent, however, is not rendered void when a patient is touched in exactly the way to which he or she has consented." *Kohoutek v. Hafner*, 383 N.W.2d 295, 299 (Minn. 1986).

[¶16] The district court's decision denying Severson's motion to amend the complaint was based on a correct reading of the law, as applied to the facts of this case. The court therefore did not abuse its discretion denying Severson's motion to amend the complaint.

IV

[¶17] We affirm the district court judgment granting the defendants' motion for summary judgment and denying Severson's motion to amend the complaint.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

5